# SUPREME COURT — APPELLATE DIVISION — THIRD DEPARTMENT.

## December 28, 1921.

## THE PEOPLE v. WALTER J. HICKEY.

(199 App. Div. 140.)

(1) BURGLARY IN FIRST DEGREE AND GRAND LARCENY IN FIRST DEGREE— TRIAL EVIDENCE—DISTRICT ATTORNEY MAY SHOW ON CROSS-EXAMINATION OF DEFENDANT PRIOR CONVICTIONS AND ASSOCIATION WITH CRIMINALS TO IMPEACH CREDIBILITY.

On the prosecution of an indictment for burglary in the first degree and grand larceny in the first degree, where the defendant, after there was evidence clearly justifying a conviction, took the stand in his own behalf, for the purpose of establishing an alibi, and testified on direct examination to a conviction for a juvenile offense and that he had later been arrested for robbing the mails, it was not improper for the district attorney, on cross-examination, to place before the jury such matters as he could elicit from the defendant going to the question of his credibility, and to show that he had, in fact, been convicted of crimes other than those to which he testified on his direct examination.

(2) SAME.

Furthermore, it was not improper, in view of the fact that the defendant sought by his own testimony and that of his sister to establish an alibi, to bring out on cross-examination the salient facts in defendant's career tending to discredit him, and to that end to show that the defendant had been in jail for several days at two different times, though the exact cause of his confinement was not made to appear, and that he was the associate of several persons who were at the time of the trial serving sentences in 'penitentiaries or State prisons, and that generally he was accustomed to be out nights till early in the morning.

(3) SAME—DEFENDANT TESTIFYING IN HIS OWN BEHALF SUBJECT TO SAME CROSS-EXAMINATION AS OTHER WITNESSES.

When a defendant in a criminal case waives his right as a defendant and takes the stand in his own behalf he is not entitled to any more consideration than any other witness.

(4) SAME—WITHDRAWAL OF EVIDENCE BY COURT CORRECTED ANY ERROR.

Assuming, however, that the testimony, in so far as it related to defendant's associates and their whereabouts at the time of the trial,

was improper, the court's clear and explicit withdrawal of that testimony from the consideration of the jury, and the subsequent refusal to modify the ruling after the district attorney explained that the purpose of the testimony was to test the credibility of the witness, must be deemed to have cured whatever error there may have been.

(5) SAME—ERRORS DISREGARDED AND CONVICTION AFFIRMED UNDER CODE CRIM. PROC., § 542.

The evidence on the whole case is so clear and convincing of the guilt of the defendant that the Appellate Division, notwithstanding legal errors were committed on the trial, is not only justified but compelled to disregard them under section 542 of the Code of Criminal Procedure and affirm the conviction.

APPEAL by the defendant, Walter J. Hickey, from a judgment of the County Court of the county of Rensselaer, rendered on the 27th day of January, 1921, convicting him of the crimes of burglary in the first degree and grand larceny in the first degree, also from an order denying defendant's motion to set aside the verdict and for a new trial made upon the minutes, and also from an order denying his motion in arrest of judgment.

*John F. Murray* and *William H. Murray* (*William H. Murray*, of counsel), for the appellant.

*Abbott H. Jones, District Attorney* (*T. J. Quillinan, Assistant District Attorney*, of counsel), for the respondent.

WOODWARD, J.:

The defendant was charged by an indictment with burglary in the first degree, in breaking into a house at the time occupied by a human being, and with grand larceny in the first degree, in that the defendant, upon the occasion of the alleged burglary, took the sum of $427 from the complaining witness. The jury has found the defendant guilty of both charges, and the defendant appeals to this court.

There is no serious question that there was evidence sufficient

to take the case to the jury, assuming the evidence adduced to be competent, but the defendant's counsel urges that the district attorney on cross-examination of the defendant, who was offered as a witness in his own behalf, induced incompetent and prejudicial evidence entitling the defendant to a reversal of the judgment, citing various authorities.

It is not to be doubted, as suggested by the court in People v. Wolf (183 N. Y. 464, 472), that district attorneys, at times with the acquiescence of the court, are prone to overstep the boundaries of the law in their effort to secure convictions, and it is the duty of appellate courts to correct manifest error in this regard. But no two cases are presented in exactly the same light, and questions which under one set of facts would be entirely improper become proper under different circumstances. In this case, after there was evidence in the record which clearly justified a conviction upon both counts, the defendant was put upon the stand for the purpose of establishing an alibi, subsequently supported by the testimony of his sister. Upon his direct examination he testified that he was at his own home in Albany at the time of the crime in Troy; that he did not enter the room or the premises where the crime was alleged to have been committed, and that he did not take the money of the complaining witness. Through questions of his own counsel he disclosed that he had been convicted at the age of thirteen years of an offense for which he was sentenced to the Rochester Industrial School; that he subsequently escaped from that institution and was taken in custody at Albany, charged with robbing the mails, and that he was taken before Judge Ray of the United States District Court, who directed his return to Rochester to serve out his sentence there. He closed his testimony with the following question and answer: " Have you ever been convicted of any other offense other than this? A. Not to my knowledge."

In this situation it was clearly competent for the district attorney to place before the jury such matters as he could

elicit from the defendant going to the question of his credibility, and to show that he had, in fact, been convicted of other offenses, if such was the case. It was not intruding testimony as to other crimes as a part of the affirmative case; the defendant was trying to establish his own worthiness of belief by an apparently frank avowal of a juvenile offense, with a declaration that this was the limit of his transgressions, and the district attorney had a perfect right to cross-examine him as to the matters he had thus thrown open to investigation. This cross-examination brought out that the defendant had been in jail for several days at two different times, though the exact reason was not made to appear, and that he was the associate of several characters who were at the time serving sentences in penitentiaries or State prisons, and generally that he was accustomed to be out nights until 2, 3, and 4 o'clock in the morning. These matters were all objected to on the part of the defendant, but were admitted. Subsequently, and at the close of the case, the court told the jury that as it did not appear from the evidence that the defendant's associates were connected with the crime then under investigation, " I will now strike it out of the evidence, and the questions and answers concerning his associates, and where his associates were, and I will instruct the jury to disregard that evidence, and not to consider it at all in weighing the evidence as against the defendant. He is on trial for burglary in the first degree and grand larceny in the first degree, and the fact that his associates or men he went with, some of whom are in prison, must not be considered by the jury against him, as it did not develop that they were co-defendants. The theory of the law being that a man can have bad associates and still be good himself, and I ask that the jury disregard it."

The district attorney explained that the purpose of his examination was to test his credibility as a witness, but the court responded: " I do not believe they were competent for that purpose and I will strike it out," and to this the defend-

ant's counsel took an exception, for what purpose does not clearly appear, for he is now urging that it was error to permit the cross-examination.

It does not appear clear to us, in view of the fact that the defense sought to be established was an alibi resting upon the testimony of the defendant and his sister, that the district attorney erred in bringing out the salient facts in the career of the defendant tending to discredit him as a witness. If the witness had been one other than the defendant and had been asked these same questions it would not occur to any one that it was outside the legitimate scope of cross-examination; the jury have a right to know from the witness himself what is his right to expect them to credit his statements, and when a defendant waives his rights as a defendant and takes the stand in his own behalf he is not entitled to any more consideration than any other witness. But assuming the testimony, in so far as it related to the defendant's associates and their present whereabouts, was erroneously admitted the court's clear and explicit withdrawal of it from the consideration of the jury, and the subsequent refusal to modify the ruling after the explanation of the district attorney, must be deemed to have cured whatever of error there may have been. This is not such a case as that of People v. Smith (172 N. Y. 210), and we are clearly of the opinion that the case of the defendant did not suffer by reason of the conduct of the district attorney in this regard. It is difficult to understand how a jury could have found any differently than it did, even if the district attorney had made no cross-examination of the defendant.

We are not unmindful that exceptions of a serious nature appear in the record, but, conceding that legal errors were committed, we are of the opinion that the evidence on the whole case is so clear and convincing of the guilt of the defendant that the court is not only justified but compelled to disregard them under section 542 of the Code of Criminal Procedure.

The judgment of conviction is affirmed.

Present—JOHN M. KELLOGG, P. J., WOODWARD, COCHRANE, H. T. KELLOGG, and VAN KIRK, JJ.

Judgment of conviction unanimously affirmed, under section 542 of the Code of Criminal Procedure.